1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   COMMODITY FUTURES TRADING                    No. 2:20-cv-01184-TLN-AC
     COMMISSION,
12
                        Plaintiff,
13
                                                   **ORDER GRANTING MOTION TO SEAL**
             v.
14
     FINANCIAL TREE dba FINANCIAL
15   TREE TRUST; FINANCIAL SOLUTION
     GROUP dba FINANCIAL SOLUTION
16   GROUP TRUST; NEW MONEY
     ADVISORS, LLC; THE LAW FIRM OF
17   JOHN GLENN, P.C.; JOHN D. BLACK
     aka JOHN BARNES; CHRISTOPHER
18   MANCUSO; JOSEPH TUFO; and JOHN
     P. GLENN,
19
                        Defendants;
20
     SUISSE GROUP (USA) LLC; JMC
21   INDUSTRIES LLC; LANDES CAPITAL
     MANAGEMENT, LLC; KINGDOM
22   TRUST LLC; HERBERT CASWELL;
     ANNE MANCUSO; and TYLER
23   MANCUSO,

24                      Relief Defendants.

25

26   / / /

27   / / /

28   / / /

                                          1

This matter is before the Court on Plaintiff Commodity Futures Trading Commission's ("Plaintiff") *ex parte* Motion to Temporarily Seal New Civil Action pursuant to Local Rule 141(b) and Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1 (2018). (ECF No. 2.)  Plaintiff filed a Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, Disgorgement, and Other Equitable Relief under the Act, 7 U.S.C. §§ 1-26 (2018), and Commission Regulations, 17 C.F.R. pts. 1-190 (2019), against Defendants John D. Black, Christopher Mancuso, Joseph Tufo, John Glenn, Financial Tree, Financial Solution Group, New Money Advisors, LLC, and The Law Firm of John Glenn, P.C. (collectively "Defendants"), and against Relief Defendants Suisse Group (USA) LLC, JMC Industries LLC, Landes Capital Management, LLC, Kingdom Trust LLC, Herbert Caswell, Anne Mancuso, and Tyler Mancuso (collectively "Relief Defendants").  (ECF No. 1.)  Plaintiff has also filed an Emergency *Ex Parte* Motion for a Statutory Restraining Order, Preliminary Injunction, and Other Equitable Relief. (ECF No. 3.)

The Court has considered Plaintiff's Motion to Temporarily Seal New Civil Action, as well as the referenced documents filed by Plaintiff (ECF Nos. 1–3), and finds Plaintiff has sufficiently established that notice to Defendants and Relief Defendants at this time would frustrate the emergency relief Plaintiff seeks by providing an incentive and opportunity to Defendants and Relief Defendants to dissipate assets and/or destroy records before Plaintiff obtains and serves an order granting its Motion for an *Ex Parte* Statutory Restraining Order and Other Equitable Relief.  The Court therefore GRANTS Plaintiff's motion to temporarily seal the case.  (ECF No. 2.)

Accordingly, good cause appearing, it is HEREBY ORDERED THAT:

1.  The Clerk of the Court is directed to SEAL the entire docket and case file in this matter including, but not limited to, pleadings, motions, memorandums, exhibits, proposed orders, and orders;

2.  The documents shall remain under seal until the earlier of: (a) seventy-two (72) hours (excluding weekends) following issuance of an order on Plaintiff's requested *ex parte* statutory

/ / /

2

restraining order (ECF No. 3); or (b) when counsel for Plaintiff informs the Clerk of Court that the seal is no longer necessary, at which time the seal will automatically expire; and

      3.  The sealing of the record and case file as set forth herein shall not affect the ability of Plaintiff to notify financial institutions and other entities or persons who hold or have held, control or have controlled, or maintain or have maintained custody of any of Defendants' or Relief Defendants' assets of the issuance and terms of the proposed statutory restraining order.

      IT IS SO ORDERED.

DATED:  June 17, 2020

Troy L. Nunley
United States District Judge