UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL TREE dba FINANCIAL TREE TRUST; FINANCIAL SOLUTION GROUP dba FINANCIAL SOLUTION GROUP TRUST; NEW MONEY ADVISORS, LLC; THE LAW FIRM OF JOHN GLENN, P.C.; JOHN D. BLACK aka JOHN BARNES; CHRISTOPHER MANCUSO; JOSEPH TUFO; and JOHN P. GLENN,<br><br>Defendants;<br><br>SUISSE GROUP (USA) LLC; JMC INDUSTRIES LLC; LANDES CAPITAL MANAGEMENT, LLC; KINGDOM TRUST LLC; HERBERT CASWELL; ANNE MANCUSO; and TYLER MANCUSO,<br><br>Relief Defendants. | No. 2:20-cv-01184-TLN-AC<br><br><br><br><br><br>**ORDER** |

///

///

///

1

Presently before the Court is Plaintiff Commodity Futures Trading Commission ("CFTC") and Defendant John P. Glenn's ("Glenn") Joint Motion to Modify Preliminary Injunction with Respect to Defendant John P. Glenn.  (ECF No. 62.)  No party objects to this motion.  For the reasons set forth below, CFTC and Glenn's joint motion is GRANTED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2020, this Court issued a Statutory Restraining Order ("SRO"), freezing assets, prohibiting the destruction of records, and requiring CFTC be provided immediate access to those records.  (ECF No. 9.)  On July 28, 2020, the Court issued a Preliminary Injunction ("PI") that continued the terms set forth in the SRO and additionally required a complete accounting from Defendants and Relief Defendants[1] and prohibited Defendants from committing future violations of the Commodity Exchange Act ("Act") and Commission Regulations or engaging in commodity-related activities.  (ECF No. 33.)

In a joint motion submitted by counsel for CFTC, the parties currently seek to modify the conditions of the asset freeze as it pertains to Glenn, so that he may use money from legitimate sources of income earned, obtained, and/or borrowed from third parties after July 2, 2020 (the effective date of the SRO) (ECF No. 9), that is not derived from the conduct alleged in the Complaint (ECF No. 1) and is not otherwise related to this case ("Legitimate New Income") to pay for: (1) his reasonable living expenses ("Glenn Living Expenses"); (2) certain reasonable living expenses for his daughter, Genevieve Glenn ("Genevieve Living Expenses"); (3) reasonable attorney's fees in connection with the instant litigation ("Glenn Attorney Fees"); and (4) reasonable business expenses of Glenn's law firm ("Glenn Law Firm Business Expenses") (collectively, "Reasonable New Glenn Expenses").  (ECF No. 62 at 1–2.)

## II.   STANDARD OF LAW

"The district court has inherent power as a court of equity to order such temporary,

---

[1]   The July 28, 2020 PI was issued against Defendants John D. Black and his affiliated entities Financial Tree, Financial Solution Group, and New Money Advisors, LLC; Christopher Mancuso; Joseph Tufo; and Glenn and The Law Firm of John Glenn, P.C. (collectively, "Defendants") and Relief Defendants Suisse Group (USA) LLC; JMC Industries LLC; Landes Capital Management, LLC; Kingdom Trust LLC; Herbert Caswell; Anne Mancuso; and Tyler Mancuso (collectively, "Relief Defendants").  (ECF No. 33.)

ancillary relief in order to preserve the status quo so that an ultimate decision for the [CFTC] could be effective." *CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978) (citing *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1105–06 (2d Cir. 1972)). "When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir.1984); *see also Gonzalez v. Axess Trade Co., Inc.*, No. 04 Civ. 3762(RCC), 2005 WL 1384019, at *4 (S.D.N.Y. Jun. 9, 2005). The same is true for equitable relief, like the PI in this case, that has been issued under the Act. *See CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2d Cir.1977) (holding that courts are vested with continuing equitable discretion over statutory injunctions); *see also CFTC v. Battoo*, 66 F. Supp. 3d 1095, 1096 (N.D. Ill. 2014), *aff'd*, 790 F.3d 748 (7th Cir. 2015) (district judge has discretion to revise a preliminary remedy if persuaded that change had benefits for the parties and the public interest).

### III.   ANALYSIS

Here, the Court finds good cause exists to grant the requested modification to the PI. Permitting the Reasonable New Glenn Expenses provides an incentive and ability for Glenn to continue operating his business, which is important to ensure Glenn's ability to satisfy any judgment that may ultimately be entered against him. *See CFTC v. Morgan, Harris & Scott, Ltd.*, 484 F. Supp. 669, 678 (S.D.N.Y. 1979) (purpose of granting injunctive relief was, in part, to ensure ability to later compensate defrauded consumers). Furthermore, permitting such expenses enables Glenn to purchase basic necessities as well as engage in constitutionally-protected activity (such as spending untainted income on reasonable attorney's fees in connection with any related criminal investigation). (*See* ECF No. 62 at 2.) Finally, the Court notes that the proposed modification appears reasonable because it is narrowly-tailored to permit Glenn to use only legitimate income, while safeguarding CFTC's right to object to any expenditure as unreasonable and to request any and all appropriate relief from the Court. (*See id.*) Accordingly, the Court finds good cause exists to lift the asset freeze as it pertains specifically to Glenn, and only to the extent that he may use Legitimate New Income to pay for his Reasonable New Glenn Expenses as detailed herein.

**IV.   CONCLUSION**

For the foregoing reasons, the parties' joint motion is GRANTED. (ECF No. 62.) The Court hereby modifies the July 28, 2020 PI (ECF No. 33) as follows:

1. Except as modified herein, the PI issued on July 28, 2020 (ECF No. 33), shall remain in full force and effect pending trial, final disposition of this action, or further order of this Court, and the Court retains jurisdiction of this matter for all purposes.

2. Nothing in the PI shall prevent Glenn from earning income from legitimate business activities. Subject to the reporting requirements of this Order, Glenn may use Legitimate New Income for the aforementioned Reasonable New Glenn Expenses. To facilitate those expenditures, Glenn may open the following bank accounts at the Bank of Colorado:

   a) One personal bank account in Glenn's name ("New Glenn Personal Account");

   b) One business operating account in the name of John Glenn Law, LLC ("New Glenn Law Firm Business Account"), a new entity registered with the Colorado Secretary of State, separate from Glenn's existing law firm (The Law Firm of John Glenn, P.C., which is a Defendant in this case); and

   c) One IOLTA (COLTAF) trust account in the name of John Glenn Law, LLC COLTAF ("New Glenn Law Firm IOLTA Account") (collectively, the "New Glenn Bank Accounts").

3. As a condition of the expenditures and activities permitted by Paragraph 2, Glenn must comply with the following:

   a) The New Glenn Personal Account shall be in Glenn's name only.

   b) The New Glenn Law Firm Business Account and the New Glenn Law Firm IOLTA Account shall be in the name of John Glenn Law, LLC only.

   c) Glenn is prohibited from providing any other entity or individual any control, direct or indirect beneficial interest, discretionary authority, signatory authority, or power of attorney over any New Glenn Bank Account.

   d) Upon opening each New Glenn Bank Account, Glenn shall immediately notify CFTC as to the type of account (i.e., checking, savings, etc.), the account

4

number, and the name on the account.

e) Glenn shall deposit all Legitimate New Income into one or more New Glenn Bank Accounts.

f) Glenn shall not open any safety deposit boxes.

g) Within 30 days of the date of electronic filing of this Order, Glenn shall provide CFTC with three months of personal and business financial records preceding July 2, 2020, sufficient to substantiate Glenn's living expenses, Glenn's expenditures on Genevieve Glenn's living expenses, and Glenn's business expenses during that three-month period.  The purpose of this provision is to provide a baseline to assess the reasonableness of the New Glenn Expenses.

h) Within 30 days of the date of electronic filing of this Order, and every 30 days thereafter, Glenn shall provide CFTC with a detailed description of all Legitimate New Income and all expenditures made by Glenn and the New Glenn Law Firm within the preceding 30-day period.  The description shall make clear the nature of each expense and be supported by records sufficient to substantiate each expense, to enable CFTC to assess whether, in CFTC's view, the expenses constitute Reasonable New Glenn Expenses, as opposed to expenses that are unreasonable or otherwise disallowed by this Order.  Such records shall include, at minimum, monthly account statements from each New Glenn Bank Account, with notations, if necessary, to clarify the nature of each expenditure.

i) To the extent Glenn borrows money from third parties to pay Glenn attorney fees, Glenn shall, within 30 days of borrowing such funds, submit to CFTC: (i) documents sufficient to evidence the provision of funds to Glenn, any repayment terms, and the transfer of funds to Glenn's attorney; (ii) an affidavit from the third party establishing that such funds were not derived, directly or indirectly, from the conduct alleged in the Complaint (ECF No. 1); and (iii) an

affidavit from Glenn establishing that Glenn intends to repay the loan with future Legitimate New Income.

j) If any New Glenn Bank Account is closed, either by Glenn or the bank, then Glenn shall immediately notify CFTC and provide copies of documents relating to the closing of the accounts, including close-out statements and all documents reflecting the reason the accounts were closed.

k) Glenn shall cooperate with all reasonable CFTC requests for additional information, including follow-up requests for additional documents or information substantiating Glenn's expenditures.

4. CFTC retains the right to object to any expenditure as unreasonable or otherwise disallowed by this Order, and to request any and all appropriate relief from this Court in the event of such expenditures.

IT IS SO ORDERED.

DATED:  October 8, 2020

Troy L. Nunley
United States District Judge