UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | No. 2:20-cv-01184-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| FINANCIAL TREE dba FINANCIAL TREE TRUST; FINANCIAL SOLUTION GROUP dba FINANCIAL SOLUTION GROUP TRUST; NEW MONEY ADVISORS, LLC; THE LAW FIRM OF JOHN GLENN, P.C.; JOHN D. BLACK aka JOHN BARNES; CHRISTOPHER MANCUSO; JOSEPH TUFO; and JOHN P. GLENN, | |
| Defendants; | |
| SUISSE GROUP (USA) LLC; JMC INDUSTRIES LLC; LANDES CAPITAL MANAGEMENT, LLC; KINGDOM TRUST LLC; HERBERT CASWELL; ANNE MANCUSO; and TYLER MANCUSO, | |
| Relief Defendants. | |

///

///

///

1

Presently before the Court is Defendants John P. Glenn ("Glenn") and The Law Firm of John Glenn, P.C.'s (collectively, the "Glenn Defendants") Motion to Temporarily Stay Answer Deadline and Party Discovery.  (ECF No. 68.)  Plaintiff Commodity Futures Trading Commission ("CFTC") filed a response.  (ECF No. 70.)  No further reply was submitted.

Also before the Court is Defendant John D. Black's ("Black") Motion to Set Aside/Vacate Entry of Default and Motion to Stay Civil Action Against Defendants Pending Resolution of Criminal Proceedings.  (ECF No. 77.)  CFTC filed a response to Black's motion.  (ECF No. 84.)  No further reply was submitted.

For the reasons stated herein, the Glenn Defendants' motion is GRANTED.  (ECF No. 68.)  Black's motion to set aside entry of default is GRANTED as to Black only.  (ECF No. 77.)  Black's motion to stay the litigation is GRANTED in part and DENIED in part.  (ECF No. 77.)

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.    Instant Civil Action

This action arises from an alleged fraudulent scheme to misappropriate approximately $14.32 million from consumers under the pretense of soliciting investments for trading commodity options and retail foreign currency.  CFTC filed its Complaint against Defendants Black and his affiliated entities Financial Tree ("Financial Tree"), Financial Solution Group ("Financial Solution"), and New Money Advisors, LLC ("New Money") (collectively, the "Black Entities"); Christopher Mancuso ("Chris Mancuso"); Joseph Tufo ("Tufo"); and the Glenn Defendants (collectively, "Defendants") and Relief Defendants Suisse Group (USA) LLC ("Suisse Group"); JMC Industries LLC ("JMC"); Landes Capital Management, LLC ("Landes"); Kingdom Trust LLC ("Kingdom"); Herbert Caswell ("Caswell"); Anne Mancuso; and Tyler Mancuso (collectively, "Relief Defendants") on June 15, 2020, asserting various violations of the Commodity Exchange Act ("Act") and Commission Regulations ("Regulations"), and seeking civil penalties, restitution, disgorgement, and other equitable relief.  (ECF No. 1.)  At that time, CFTC additionally moved the Court for an Emergency *Ex Parte* Motion for a Statutory

---

[1]    For ease of reference, the Court will refer to the ECF pagination for the parties' attached exhibits.

1  Restraining Order ("SRO") and Preliminary Injunction ("PI") pursuant to § 6c(a) of the Act (7
2  U.S.C. § 13a-1(a) (2018)).  (ECF No. 3.)

3  On July 2, 2020, the Court issued an SRO, freezing assets, prohibiting the destruction of
4  records, and requiring CFTC be provided immediate access to those records.  (ECF No. 9.)  The
5  SRO further ordered Defendants and Relief Defendants to show cause by July 10, 2020, as to
6  why an Order for Preliminary Injunction should not be granted pending the remainder of this
7  litigation.  (*Id.* at 26.)  No Defendant or Relief Defendant responded to the Court's Order to Show
8  Cause.

9  On July 28, 2020, the Court issued a PI that continued the terms set forth in the SRO.
10 (ECF No. 33.)  Additionally, the PI required a complete accounting from Defendants and Relief
11 Defendants and prohibited Defendants from committing future violations of the Act and
12 Regulations or engaging in commodity-related activities.  (*Id.*)

13 The Glenn Defendants executed waivers of service and have appeared in this matter.
14 (ECF Nos. 31–32, 59.)  Chris Mancuso, Black, the Black Entities, Tufo, Kingdom, Landes, Anne
15 Mancuso, Tyler Mancuso, Caswell, JMC, and Suisse Group failed to timely respond to the
16 Complaint and the Clerk of the Court has entered defaults against them.[2]  (ECF Nos. 49, 50, 58.)

17 On August 27, 2020, CFTC and the Glenn Defendants submitted a joint motion to amend
18 the PI to permit Glenn to use untainted funds to pay certain reasonable expenses approved by
19 CFTC.  (ECF No. 62.)  The Court granted the unopposed, joint motion and modified the asset
20 freeze provisions of the PI as they pertained to the Glenn Defendants.  (ECF No. 92.)

21 ///

22

---

[2] The Court notes Michael Jacobs, a nonparty purporting to represent Kingdom, submitted a request to utilize the ECF electronic filing system.  (*See* ECF No. 48.)  The Court denied that request, in part, because only a practicing attorney may represent a corporation or entity — such as Kingdom — and Mr. Jacobs is not a practicing attorney.  (*Id.* (citing E.D. Cal. L.R. 183(a).)  Since that date, Mr. Jacobs and Ruby Handler Jacobs have filed various "notices" on behalf of Kingdom.  (ECF Nos. 75, 83.)  As noted in the Court's prior order, however, such filings are impermissible as neither Mr. Jacobs nor Ms. Jacobs appears to be a practicing attorney and, as such, may not represent Kingdom.  E.D. Cal. L.R. 183(a).  Accordingly, the Jacobs's filings (ECF Nos. 75, 83) are hereby STRICKEN from the record.  Any further unauthorized *pro se* filings on behalf of Kingdom will be disregarded.

On September 8, 2020, the Glenn Defendants filed a motion seeking a temporary stay of the deadline to respond to the Complaint and party discovery.  (ECF No. 68.)  CFTC filed a response to the Glenn Defendants' motion on September 10, 2020.  (ECF No. 70.)  No further response was filed, and the matter has been deemed submitted.  (*See* ECF No. 90.)

On September 14, 2020, Defendant Black filed a *pro se* motion to set aside the default entered against him and the Black Entities and moved to stay the litigation pending resolution of the related criminal proceedings.  (ECF No. 77.)  CFTC filed a response to Black's motion on September 22, 2020.  (ECF No. 84.)  No further response was filed, and the matter has been deemed submitted.  (*See* ECF No. 90.)

        B.      Parallel Criminal Proceedings

On July 22, 2020, the California State Attorney General's Office ("AG") filed a felony criminal complaint in Sacramento County Superior Court, Case No. 20FE011219, that appears to parallel the claims asserted in the instant action.  (ECF No. 68-2 at 1–2; ECF No. 68-3; ECF No. 70 at 2; ECF No. 70-1 at 2; *see also* ECF No. 70-2.)  Specifically, the complaint charges Chris Mancuso, Black, and Tufo with a total of 32 counts related to fraudulent securities schemes involving investments in the Black Entities.  (ECF No. 68-1 at 2–3; ECF No. 68-2 at 1–2; ECF No. 68-3.)  The Glenn Defendants are currently considered targets of a state criminal investigation, but a charging decision has not yet been made.  (ECF No. 68-1 at 3; ECF No. 68-2 at 2.)  On or about July 27, 2020, Black surrendered himself to authorities for arrest.  (ECF No. 77 at 3, 9.)  Black's arraignment is currently scheduled for October 22, 2020.  (*See id.*)

**II.**      **THE GLENN DEFENDANTS' MOTION TO STAY**

The Glenn Defendants move the Court for an order temporarily staying their deadline to file an answer or responsive pleading to the Complaint and all party discovery for a period of 90 days. (ECF No. 68.)  CFTC has filed a response to the Glenn Defendants' motion indicating it does not oppose the requested stay.  (ECF No. 70.)

        A.      Standard of Law

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its

4

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Federal Sav. & Loan Ins. Corp. v. Molinaro (Molinaro)*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice."); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Molinaro*, 889 F.2d at 902); *SEC v. Dresser Indus. (Dresser)*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). "Nevertheless, a court may decide in its discretion to stay civil proceedings … 'when the interests of justice seem[] to require such action.'" *Keating*, 45 F.3d at 324 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *compare Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 781 F. App'x 666, 666 (9th Cir. 2019) (fairest and most efficient course of litigation may be to enter a stay of an action pending resolution of independent proceedings which bear upon the case) *with Bank of Montreal v. Salyer*, 599 F. App'x 706, 707 (9th Cir. 2015) (finding stay not warranted "[i]n the absence of substantial prejudice to the rights of the parties involved").

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). Specifically, the Court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.*; *Continental Ins. Co. v. Cota*, Nos. 08-2052 SC, 07-5800 SC, 07-6045 SC, 07-5926 SC, 08-2268 SC, 2008 WL 4298372, at *2 (N.D. Cal. Sept. 19, 2008) (deeming the assessment of a defendant's Fifth Amendment rights to be the "first consideration" in evaluation of a stay request). In addition, the district court must balance the interests of the parties, the public, and the court through consideration of the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the court in the management of its cases,

and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324–25; *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

### B.      Analysis

Here, the Court finds the above factors support granting the requested temporary stay. First, the Court considers the potential impact on Glenn's Fifth Amendment rights. The Glenn Defendants argue that, absent a stay, "Glenn will be forced into an untenable election between (1) invoking his constitutional right against self-incrimination while inviting civil prejudice against himself and his law firm, or (2) suffering the criminal consequences of waiving his Fifth Amendment rights." (ECF No. 68-1 at 4.)  The Court agrees.  While a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," *Keating*, 45 F.3d at 326, the Court is mindful that allowing the civil action to proceed may nevertheless undermine Glenn's Fifth Amendment privilege, expand criminal discovery beyond the limits of the rules of criminal procedure, expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. *See Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc. (Glob. Fin. Support)*, No. 15-CV-02440-GPC-WVG, 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016). Indeed, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *See Dresser*, 628 F.2d at 1375–76.

Nor does the fact that the AG has not yet charged the Glenn Defendants in the parallel criminal matter (ECF No. 68-1 at 3; ECF No. 68-2 at 2) diminish the implication of Glenn's Fifth Amendment rights.  Rather, courts routinely acknowledge circumstances that present a compelling basis for a stay, even when an indictment has not yet been issued. *See Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038, 1040 (W.D. Mich. 2007).  The fact that the Glenn Defendants remain targets of an ongoing criminal investigation (ECF No. 68-2 at 2) supports such a finding. *See Glob. Fin. Support*, 2016 WL 2868698, at *3 (finding Fifth Amendment rights

6

1  "clearly implicated" where, despite no criminal charges being filed, there was an ongoing law
2  enforcement investigation based on the same conduct).  Thus, in light of the active criminal
3  investigation pending against the Glenn Defendants, consideration of Glenn's Fifth Amendment
4  rights supports granting the requested stay.  *Keating*, 45 F.3d at 324; *Continental Ins. Co.*, 2008
5  WL 4298372, at *2.

6       The Court next considers the *Keating* factors.  As to the first factor, the Court finds the
7  requested stay would not unduly prejudice CFTC.  Rather, such a stay will allow the criminal
8  case to proceed against the already-named Defendants, permit the AG time to determine whether
9  to charge the Glenn Defendants criminally, and significantly lessen Glenn's Fifth Amendment-
10 related concerns.  (*See* ECF No. 68-1 at 5.)  Furthermore, the Court finds the proposed order for
11 the requested stay is narrowly drawn and appropriately preserves CFTC's ability to litigate
12 essential aspects of the case, such as the various contempt motions currently pending before this
13 Court (*see* ECF Nos. 24, 29, 66, 68) and the monitoring of Glenn's reasonable expenses pursuant
14 to the modified terms of the PI (*see* ECF No. 92), and to pursue third-party discovery in order to
15 identify and prevent dissipation of assets.  Perhaps most importantly, CFTC has stated it does not
16 oppose the Glenn Defendants' motion, provided the language of the proposed order is adopted.
17 (ECF No. 68-2 at 2; ECF No. 70.)  Accordingly, the first factor weighs in favor of granting the
18 requested stay.

19      As to the second factor, the Court finds the absence of a stay would impose an undue
20 burden on Glenn by impacting his Fifth Amendment rights in the manner previously discussed.
21 *Glob. Fin. Support*, 2016 WL 2868698, at *3.  Accordingly, the second factor weighs in favor of
22 granting the requested stay.

23      The third factor also favors granting the stay.  First, a limited stay of 90 days' duration is
24 not unduly burdensome to the Court's management of its cases.  *See id.* (balancing of factors
25 justified stay for 120 days).  Second, commonality weighs heavily in favor of a stay: "[A stay]
26 makes efficient use of judicial resources by insuring that common issues of fact will be resolved
27 and subsequent civil discovery will proceed unobstructed by concerns regarding self-
28 incrimination."  *Taylor, Bean & Whitaker Mortg. Corp v. Triduanum Fin., Inc.*, 2009 WL

1  2136986, at *4 (E.D. Cal. Jul. 15, 2009) (granting stay for six months) (internal citations
2  omitted).

3  Finally, the Court finds the fourth and fifth factors support granting a stay because the
4  requested stay does not cause any prejudice to non-parties or the public.  To the contrary, the
5  Court finds the requested stay is consistent with the public's interest because "the public's interest
6  in the integrity of the criminal case is entitled to precedence over the civil litigant." *Jones v.*
7  *Conte*, No. C 04-5312-SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005).  Moreover, the
8  stay would provide Glenn a meaningful opportunity to exercise his constitutional rights, thus
9  promoting the interests of the public at large.  For these reasons, the Court finds the fourth and
10  fifth factors also weigh in favor of granting the requested stay.

11  Accordingly, the Court's evaluation of the impact on Glenn's Fifth Amendment rights and
12  the *Keating* factors supports granting the requested stay and the Glenn Defendants' motion is
13  GRANTED pursuant to the terms set forth herein.

14       **III.**    **BLACK'S MOTION TO SET ASIDE DEFAULT AND STAY CIVIL PROCEEDINGS**

15  Black seeks an order setting aside the Clerk's Entry of Default against him and the Black
16  Entities (ECF No. 50), and an order staying proceedings to protect his Fifth Amendment rights.
17  (ECF No. 77 at 2.)  Black purports to seek this stay not only on behalf of himself but also on
18  behalf of the Black Entities.  (ECF No. 77 at 2.)  The Court will address each argument in turn.

19       **A.**    <u>Representation of the Black Entities</u>

20  As an initial matter, the Court notes that Black, who is proceeding in this matter *pro se*
21  and is not a practicing attorney, may not represent Financial Tree, Financial Solution, or New
22  Money because only a practicing attorney may represent a corporation or entity.  E.D. Cal. L.R.
23  183(a).  Accordingly, to the extent Black's arguments are raised on behalf of the Black Entities,
24  such arguments are STRICKEN and the Clerk's Entry of Default as to Defendants Financial Tree,
25  Financial Solution, and New Money (ECF No. 50) remains unaltered.

26       **B.**    <u>Motion to Set Aside Default</u>

27  Black's motion to set aside default is premised on the argument that his failure to timely
28  respond to the Complaint was largely due to his being charged and arrested in the related criminal

8

matter and that such failure, "[a]t worst, … was excusable neglect." (ECF No. 77 at 5, 10.) Further, Black argues he was unable and/or did not know how to respond due to Fifth Amendment concerns. (*Id.*) CFTC rejects Black's justifications for failing to timely answer the Complaint but does not oppose Black's request to set aside the default.[3] (ECF No. 84 at 2.)

The Federal Rules of Civil Procedure provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," the district court must consider whether: (1) the defendant's culpable conduct led to the default; (2) the defendant has a meritorious defense; or (3) the plaintiff would be prejudiced by setting aside the default. *Franchise Holding II, Ltd. Liab. Co. v. Huntington Rests. Grp., Inc. (Franchise Holding II)*, 375 F.3d 922, 925–26 (9th Cir. 2004) (citing *TCI Group Life Ins. Plan v. Knoebber (TCI Group)*, 244 F.3d 691, 695–96 (9th Cir. 2001)); *O'Connor*, 27 F.3d at 364. These factors are disjunctive; therefore, the district court may deny a motion to set aside default "if any of the three factors [is] true." *Franchise Holding II*, 375 F.3d at 926; *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Further, the district court's discretion within the context of a motion to set aside an entry of default is "particularly broad." *Mesle*, 615 F.3d at 1091 n.1; *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). Nevertheless, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (*citing Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *TCI Group*, 244 F.3d at 695–96; *see also O'Connor*, 27 F.3d at 364; *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

Here, the Court finds analysis of the three factors favors setting aside the entry of default. As to the first factor, the Ninth Circuit has found negligent failure to respond to be excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *TCI Group*, 244 F.3d at 697–701. Black asserts, by

---

[3] CFTC additionally expresses its non-opposition to the setting aside of defaults entered against the Black Entities. (ECF No. 84 at 2.) Nevertheless, the Court declines to consider the motion as to the Black Entities due to the representation issues previously identified. *See* E.D. Cal. L.R. 183(a).

9

sworn declaration, that his failure to timely respond to the Complaint was largely due to being charged and arrested in relation to the parallel criminal action and that he seeks to "strongly and aggressively defend [himself]" in this civil action. (ECF No. 77 at 10.) For purposes of a motion to set aside entry of default, the Court will accept Black's allegations. *Falk*, 739 F.2d at 464 (citing *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). Thus, based on his declaration, the Court finds Black has provided a credible, good-faith explanation for his failure to timely answer that is "excusable, not culpable." *TCI Group*, 244 F.3d at 697–701 (arguments based on "excusable neglect" largely overlap with the issue of culpability and may be analyzed together). Accordingly, the first factor weighs in favor of setting aside the entry of default.

As to the second factor, a defendant seeking to vacate a default must generally present specific facts that would constitute a defense. *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Nevertheless, the Ninth Circuit has referred to this burden as "not extraordinarily heavy," but "minimal." *Id.* Indeed, the moving party need only allege sufficient facts or law showing the district court that a sufficient defense is assertible. *Id.* (finding district court erred in rejecting proffered defenses); *see also Stone*, 588 F.2d at 1319, n.1. Here, the Court construes Black's assertions regarding "strongly and aggressively" defending his actions (ECF No. 77 at 10) as sufficient to meet the minimal burden required on this motion, especially in light of his *pro se* status. *See Mesle*, 615 F.3d at 1093–94; *see also O'Connor*, 27 F.3d at 364. Based on Black's declarations at this early stage in the litigation, the Court finds the second factor adequately supports setting aside the default.

As a final matter, the Court finds the third factor also favors setting aside the default. As the Court has noted, resolution of an action on its merits is favored; resolution by default is not. *Mesle*, 615 F.3d at 1091; *TCI Group*, 244 F.3d at 695–96. Furthermore, CFTC has indicated its non-opposition to an order setting aside the default (ECF No. 84 at 2), which supports a finding of a lack of prejudice here.

For the foregoing reasons, Black's motion to set aside the Clerk's entry of default is GRANTED. (ECF No. 77.) The Clerk's Entry of Default (ECF No. 50) is hereby SET ASIDE as to Defendant Black.

C. Motion to Stay

In his motion, Black seeks an order staying proceedings pending resolution of the related criminal action on the basis that he cannot adequately defend himself in this action without infringing upon his Fifth Amendment rights. (ECF No. 77 at 2, 4, 7–10.) CFTC's response and attached stipulation indicate that, during subsequent discussions between the parties, Black agreed to more narrowly-tailor his request for a stay so it is consistent with the terms requested in the Glenn Defendants' motion (ECF No. 68). (ECF No. 84 at 4; ECF No. 84-1.) Based on this record, CFTC does not oppose Black's modified request. (*Id.*)

For the same reasons previously discussed with respect to the Glenn Defendants' motion to stay, the Court finds Black's modified requested stay is appropriate. As with Glenn, the Court finds Black's Fifth Amendment rights are implicated by this action and allowing the civil action to proceed may undermine Black's Fifth Amendment privilege. *Glob. Fin. Support*, 2016 WL 2868698, at *3; *Dresser*, 628 F.2d at 1375–76. Indeed, consideration of the Fifth Amendment and the second *Keating* factor tip even more strongly in Black's favor since he has been charged and arrested in connection with the parallel criminal case. (*See* ECF No. 77 at 9); *Dresser*, 628 F.2d at 1375–76. Furthermore, the Court finds the remaining *Keating* factors weigh in favor of granting Black's modified requested stay for the same reasons discussed with respect to the Glenn Defendants' request.

Accordingly, to the extent Black has abandoned the terms in his motion for a stay which do not conform to the terms identified in the Glenn Defendants' motion, his motion is DENIED as moot. To the extent Black seeks a stay of the deadline to answer and party discovery in conformity with the terms identified in the Glenn Defendants' motion (*see* ECF No. 68-4), his request is GRANTED. (ECF No. 77.)

**IV. CONCLUSION**

For the foregoing reasons, the Glenn Defendants' Motion to Temporarily Stay Answer Deadline and Party Discovery is GRANTED. (ECF No. 68.) The deadline to answer the Complaint and party discovery is stayed for 90 days, pursuant to the terms set forth herein.

///

11

Black's Motion to Set Aside Entry of Default is GRANTED as to Defendant Black only. (ECF No. 77.) Black's Motion to Stay is DENIED in part as moot and GRANTED to the extent it is consistent with the terms set forth herein. All arguments purportedly made on behalf of Financial Tree, Financial Solution, and New Money are hereby STRICKEN pursuant to Local Rule 183(a).

It is HEREBY ORDERED that litigation is STAYED in this matter, as follows:

1. As of the date of electronic filing of this Order, the Glenn Defendants and Black's deadline to answer the Complaint, and the obligation of CFTC, any Defendant, or any Relief Defendant named in the Complaint (collectively, the "Parties") to respond to discovery and make initial disclosures pursuant to the Federal Rules of Civil Procedure, are stayed for ninety (90) days.

2. In the event the California Department of Justice communicates to the Glenn Defendants that it does not intend to charge the Glenn Defendants criminally, the Parties may revisit the need for a stay, and the Court may consider lifting the stay upon stipulation or motion.

3. Any Party may move for an extension or modification of the stay prior to its expiration.

4. The stay is limited in scope as described in Paragraph 1. Specifically, without further limitation, the stay **does not**:

    a) Prevent CFTC from using its regulatory authority or third-party discovery to determine whether any Defendant or Relief Defendant is violating any of the terms of the PI (ECF No. 33), so long as Defendants are not compelled to produce testimonial evidence;

    b) Prevent CFTC from litigating contempt or other motions against any individual or entity to address alleged violations of the PI;

    c) Abrogate any Defendant or Relief Defendant's obligation to provide an Accounting pursuant to the PI; or

    d) Abrogate Glenn's obligation to make monthly submissions to CFTC pursuant to the modified provisions of the PI (ECF No. 92) or prevent CFTC from litigating any alleged violations of any Order addressing Glenn's expenditures.

5. The PI continues to remain in full force and effect pending trial, final disposition of this action, or further order of the Court.

IT IS SO ORDERED.

DATED: October 26, 2020

Troy L. Nunley
United States District Judge