UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL TREE dba FINANCIAL TREE TRUST; FINANCIAL SOLUTION GROUP dba FINANCIAL SOLUTION GROUP TRUST; NEW MONEY ADVISORS, LLC; THE LAW FIRM OF JOHN GLENN, P.C.; JOHN D. BLACK aka JOHN BARNES; CHRISTOPHER MANCUSO; JOSEPH TUFO; and JOHN P. GLENN,<br><br>Defendants;<br><br>SUISSE GROUP (USA) LLC; JMC INDUSTRIES LLC; LANDES CAPITAL MANAGEMENT, LLC; KINGDOM TRUST LLC; HERBERT CASWELL; ANNE MANCUSO; and TYLER MANCUSO<br><br>Relief Defendants. | No. 2:20-cv-01184-TLN-AC<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant John D. Black's ("Black") Motion to Further Stay Civil Action Against Defendants Pending Resolution of Criminal Proceedings. (ECF No. 104.) Plaintiff Commodity Futures Trading Commission ("CFTC") filed a Response to the

Motion. (ECF No. 106.) No reply was filed. For the reasons stated herein, Black's motion (ECF No. 104) is GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this case, and only those relevant to the issues currently before the Court will be re-iterated here. On June 15, 2020, CFTC filed a Complaint against multiple Defendants — including Black and the entities under his control, Financial Tree, Financial Solution Group, and New Money Advisors, LLC (collectively, the "Black Entities") — and Relief Defendants. (ECF No. 1.) The Complaint alleges Defendants violated multiple provisions of the Commodity Exchange Act ("Act") and Commission Regulations ("Regulations") by engaging in a Ponzi scheme whereby they fraudulently solicited customers to invest in foreign currency future trades, did not actually use the money to trade on investors' behalf, and paid the old investors "returns" from funds they obtained from later, fraudulently-solicited investors. (*Id.*) CFTC maintains Defendants have defrauded their investors of approximately $14.32 million. (*Id.*)

On the same date that it filed its Complaint, CFTC also filed an *ex parte* motion for a statutory restraining order ("SRO"), which the Court granted on July 2, 2020. (ECF Nos. 3, 9.) The SRO froze assets, prohibited the destruction of records, required CFTC be provided immediate access to those records, and ordered Defendants and Relief Defendants to show cause as to why an order for preliminary injunction ("PI") should not be granted. (ECF No. 9 at 26.) No Defendant or Relief Defendant responded to the Court's Order to Show Cause and the Court granted CFTC's motion for PI on July 28, 2020. (ECF No. 33.) In addition to continuing the terms of the SRO, the PI additionally required a complete accounting from Defendants and Relief Defendants and prohibited Defendants from committing future violations of the Act and Regulations or engaging in commodity-related activities. (*Id.*)

As of the filing date of this Order, default has been entered against the Black Entities and other Defendants and Relief Defendants for their failure to timely respond to the Complaint.[1]

---

[1] The Clerk additionally entered default against Black on August 5, 2020. (ECF No. 50.) However, Black subsequently moved for an order setting aside the default, which the Court

2

(ECF Nos. 49, 50, 58.) CFTC has also moved for contempt orders against multiple Defendants, including Black, for various violations of the SRO and PI that include dissipating assets, refusing to provide CFTC access to records, and continuing to engage in commodity-related activities. (*See* ECF Nos. 24, 29, 54, 66, 86, 94.)

Meanwhile, on July 22, 2020, the California State Attorney General's Office ("AG") filed a felony criminal complaint in Sacramento County Superior Court, Case No. 20FE011219, that parallels the claims asserted in the instant action. (ECF No. 104 at 3, 7; *see also* ECF No. 68-3; ECF No. 70-2.) The AG brought criminal charges against Black and two other Defendants. (ECF No. 68-3.) Black was arraigned on July 30, 2020. *See* Public Case Access System Sacramento Superior Court, *Case Information* (20FE011219), https://services.saccourt.ca.gov/ PublicCaseAccess/Criminal/CaseDetails?SourceSystemId=8&SourceKey=1680311 (last visited June 15, 2021). Since that date, proceedings have been continued at least six times, with a settlement conference and motion to amend set for July 27, 2021. *See id.* No trial dates appear to be set. *See id.*

On September 14, 2020, Black filed a motion seeking to stay the entire civil action pending resolution of his criminal case. (ECF No. 77.) CFTC filed a response in which it opposed a blanket stay but provided a stipulation of proposed terms for the stay. (ECF Nos. 84, 84-1.) On October 27, 2020, the Court partially granted Black's motion to stay, staying the deadline to answer the Complaint and party discovery for 90 days in accordance with the parties' stipulation. (*See* ECF No. 96 at 11–13.)

Black filed a second motion to stay on January 27, 2021, this time requesting a blanket stay of the litigation on behalf of himself and the Black Entities pending resolution of the parallel criminal action.[2] (ECF No. 104.) CFTC opposes Black's request for a blanket stay of litigation but indicated it does not oppose a 90-day continuation of the previously stipulated stay as to

---

granted. (ECF Nos. 77, 96.)

[2] Confusingly, Black appears to seek both a stay of the entire litigation pending resolution of the parallel criminal action and a continuation of the prior Order staying the deadline to answer and party discovery. (*Compare* ECF No. 104 at 1–2, 4, 6 *with id.* at 5.)

3

Black. (ECF No. 106 at 1–2, 7.) On February 26, 2021, the Court deemed the matter submitted on the pleadings. (ECF No. 108.)

**II.    STANDARD OF LAW**

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Federal Sav. & Loan Ins. Corp. v. Molinaro (Molinaro)*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice."); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Molinaro*, 889 F.2d at 902); *SEC v. Dresser Indus. (Dresser)*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[] to require such action.'" *Keating*, 45 F.3d at 324 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *compare Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 781 F. App'x 666, 666 (9th Cir. 2019) (fairest and most efficient course of litigation may be to enter a stay of an action pending resolution of independent proceedings which bear upon the case) *with Bank of Montreal v. Salyer*, 599 F. App'x 706, 707 (9th Cir. 2015) (finding stay not warranted "[i]n the absence of substantial prejudice to the rights of the parties involved").

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). Specifically, the Court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.*; *Cont'l Ins. Co. v. Cota*, Nos. 08-2052 SC, 07-5800 SC, 07-6045 SC, 07-5926 SC, 08-2268 SC, 2008 WL 4298372, at *2 (N.D. Cal. Sept. 19, 2008) (deeming the assessment of a defendant's Fifth Amendment rights to be the "first consideration" in evaluation of a stay

4

request). Yet, "[i]n deciding whether to proceed with [the case], the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the [court] to consider, [but] it is only one consideration to be weighed against others." *Keating*, 45 F.3d at 326. In addition, the district court must balance the interests of the parties, the public, and the court through consideration of the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 324–25.

**III. ANALYSIS**

A. <u>The Black Entities</u>

As an initial matter, the Court reminds Black that he may not submit filings on behalf of the Black Entities. *See* E.D. Cal. L.R. 183(a) (corporate entities may not appear before the Court except through a practicing attorney). Furthermore, the Clerk of the Court entered default against each of the Black Entities on August 5, 2020. (ECF No. 50.) Thus, the Black Entities may not submit any filing, other than a request to set aside default, regardless of their representation. The motion, to the extent Black purports to assert it on behalf of the Black Entities, is therefore stricken.[3]

B. <u>Defendant Black</u>

Black generally asserts he cannot "sufficiently or adequately defend himself in this civil action . . . based on his Constitutional [Fifth] Amendment rights arising out of the Criminal Action." (ECF No. 104 at 4–5.) As to the remaining *Keating* factors, Black vaguely argues the Court would not be inconvenienced and Plaintiff would not be prejudiced by the requested stay.

---

[3] CFTC additionally presents arguments that any stay on behalf of the Black Entities should be denied because the Black Entities do not have Fifth Amendment rights and therefore no justification for the stay. (*See* ECF No 106 at 5 n.2.) While accurate, the Court need not reach these arguments in light of the aforementioned default and Black's inability to appear on his entities' behalf.

5

(*Id.* at 6.) Finally, Black asserts the requested stay is "not of a perpetual or unknown duration" but would only last "until the completion of the Criminal Action." (*Id.*) CFTC opposes the requested stay as overbroad, prejudicial to CFTC, prejudicial to Black's victims, and contrary to the public interest. (ECF No. 106 at 2, 5.) Thus, in opposing the motion, CFTC argues any Fifth Amendment considerations invoked by Black are outweighed by the identified countervailing interests. (*See generally id.*) The Court agrees with CFTC that the above factors do not support granting the requested stay.

Black provides no specific argument with respect to his general invocation of his Fifth Amendment rights. *See SEC v. Bankers All. Corp.*, 881 F. Supp. 673, 680 (1995) ("The Court need not . . . excuse a party from answering 'merely because he declares that in so doing he would incriminate himself — his say-so does not of itself establish the hazard of incrimination.'"). For example, Black fails to demonstrate an inability to respond to *any* discovery with information that does not tend to incriminate him, that the burden on his Fifth Amendment privilege has not been rendered negligible in light of any criminal discovery that has been completed in the parallel criminal case (which was filed nearly a year ago), or that Black's privilege cannot be protected through less severe alternatives, such as protective orders or stipulated conditions to discovery. *See Molinaro*, 889 F.2d at 903. Nor does Black identify any "special circumstances" requiring the Court to deviate from the general rule that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating*, 45 F.3d at 324 (citations omitted); *see also Dresser*, 628 F.2d at 1377 (citing *Kordel*, 397 U.S. at 11–13) (courts "should not block parallel investigations by [the Justice Department and the SEC] in the absence of 'special circumstances' in which the nature of the proceedings demonstrably prejudices substantial rights of the investigated party or of the government"). For all of these reasons, the Court finds consideration of Black's Fifth Amendment rights does not weigh in favor of granting the requested stay.

Black's arguments with respect to the remaining *Keating* factors are also unavailing. First, the requested stay is overly broad. Staying all proceedings against Black — instead of only his answer deadline and obligation to provide initial disclosures and respond to discovery — is

prejudicial to CFTC and Black's victims because it would foreclose third-party discovery and contempt litigation, thus severely limiting CFTC and this Court's ability to prevent dissipation of assets, ensure compliance with the PI, and protect the public interest. *See SEC v. Chen (Chen)*, No. CV 15-07425 RGK (JPRx), 2016 WL 7444922, at *2 (C.D. Cal. Apr. 8, 2016) ("[CFTC] has a strong interest in proceeding expeditiously to protect investors and remedy violations of the [Act and Regulations]."). This argument is particularly compelling in light of the fact that Black has already violated several provisions of the SRO and PI, and the Court has granted multiple contempt motions filed against him. (*See* ECF No. 107 (Order to Show Cause regarding CFTC's contempt motions against Black at ECF Nos. 24, 66, 86).)

Second, Black's assertion that the requested stay is "not of a perpetual or unknown duration" (ECF No. 104 at 6) is unavailing. To the contrary, the current progress of the parallel criminal case (which has been continued multiple times with no trial dates set) suggests the requested stay could result in a delay of several months or even years. The sheer unspecified duration of the requested stay therefore prejudices the public interest and alleged victims of Defendants' Ponzi scheme — some of whom purportedly lost their life savings and went bankrupt after investing their money with Black — by further delaying their recovery of defrauded funds. *See Dresser*, 628 F.2d at 1377 ("Effective enforcement of the securities laws requires that the SEC and Justice be able to investigate possible violations simultaneously. . . The SEC cannot always wait for Justice to complete the criminal proceedings if it is to obtain the necessary prompt civil remedy"); *Chen*, 2016 WL 7444922, at *3 (non-party investors and the general public have a strong interest in expeditiously recovering funds allegedly acquired through fraud).

Finally, the requested stay effectively thrusts the Court into an indefinite state of limbo, thus delaying the administration of justice. *See Molinaro*, 889 F.2d at 903 (courts have an interest in clearing their dockets); *see also Dresser*, 628 F.2d at 1377 (delay in proceedings is prejudicial because witnesses may die or move away, memories fade, evidence may be lost or become stale or enforcement resources may be diverted); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a

plaintiff effectively out of court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the merits . . . [and] create[s] a 'danger of denying justice by delay.'").

Based on these circumstances, the Court finds the prejudice to CFTC, Black's victims, and the public outweigh in this instance any general and unspecified Fifth Amendment concerns asserted by Black. Black's request for a blanket stay of litigation pending resolution of the parallel criminal case is therefore unwarranted.[4]

## IV. CONCLUSION

For the foregoing reasons, Black's Motion to Further Stay Civil Action Against Defendants Pending Resolution of Criminal Proceedings (ECF No. 104) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED to the extent that the limited and targeted stay previously stipulated to by the parties (ECF No. 96 at 11–13; *see also* ECF No. 84-1) is extended, with respect to Defendant John D. Black only, for 30 days from the electronic filing date of this Order; and

2. The motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge

---

[4] The Court notes CFTC indicates it would not oppose a 90-day extension of the limited stay pursuant to the terms previously stipulated to by the parties. (ECF No. 106 at 2, 7.) Accordingly, the Court is inclined to partially grant Black's request to the extent set by these parameters. Nonetheless, in light of the fact that the instant motion was filed nearly five months ago, the Court finds that continuing the stay 30 days from the date of this Order instead constitutes a sufficient extension of the prior stay and is exceedingly reasonable.

8